57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jason NEWKIRK, by Next Friends Daniel NEWKIRK and Nancy
Newkirk, Daniel Newkirk, and Nancy Newkirk,
Plaintiffs-Appellants,
v.
EAST LANSING PUBLIC SCHOOLS, et al., Defendants,
and
Michael Fink, individually and in his official capacity as
Counselor of East Lansing Public Schools,
Defendant-Appellee.
 No. 94-1520.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before NORRIS and DAUGHTREY, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiffs, a third-grade public school student and his parents, sued Michigan school officials, alleging that they had violated the plaintiffs' constitutional right to privacy and other rights by subjecting the plaintiff student to counseling and psychological testing by a guidance counselor without parental consent. The district court granted summary judgment to all defendants and the plaintiffs appeal the judgment on the right-to-privacy count as to the guidance counselor only. They also allege that the district court erred in refusing to permit the filing of an amended complaint almost four months after the order of summary judgment was entered and two years after the original complaint was filed. We find no error in connection with either ruling and affirm.
 
 
 2
 Essentially, the district court concluded that the plaintiffs' allegation that their privacy rights were violated when young Jason Newkirk was sent to the school counselor for counseling or "treatment," without the consent of his parents, did not state a claim under the Federal Constitution. Further, the district court disallowed amendment of the complaint, finding that there had been "no showing why plaintiffs waited so long to amend the factual basis for the claims in the original complaint," from which the court concluded that the motion to amend was "merely to avoid final summary judgment and not for any legitimate purpose." As to the addition of a new claim based on the Free Exercise Clause, the district court found that such a claim could not withstand a Rule 12(b)(6) motion and that amendment of the complaint would, therefore, be futile.
 
 
 3
 Having had the benefit of oral argument, and having carefully considered the voluminous record on appeal and the extensive briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the defendant and, thereafter, disallowing amendment of the complaint.
 
 
 4
 Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based on the reasoning set out by that court in its opinions dated March 31, 1993, and January 7, 1994.
 
 
 5
 SO ORDERED.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation